UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ONTIVEROS, | No. 06 CV 02893 JCW |
| Petitioner, | <u>ORDER</u> |
| vs. | |
| R. CAMPBELL, et al., | |
| Respondents. | |

Petitioner Ontiveros filed a petition for writ of habeas corpus pursuant 28 U.S.C. section 2254, challenging his conviction in September 2005 for violation of a prison rule and subsequent 30-day loss of behavioral credit.

I have reviewed the Petition, the Respondent's Answer, the Traverse, and all supporting documents. After reviewing the record and the parties' papers, I hold that Ontiveros is not entitled to the relief requested and order that the Petition be denied.

**I.**

This statement of facts is drawn from the report of the hearing officer regarding the alleged rule violation (Respondent's Ex. 3) and the rule violation report completed by the reporting officer (Respondent's Ex. 4).

On September 12, 2005, Officer Baker of Mule Creek State Prison was alerted to the presence of a suspicious legal letter. Baker questioned inmate Subia, whose name was on the return portion of the letter. Baker opened the suspicious letter, and found Petitioner Ontiveros's name and signature on a piece of paper inside. Baker questioned Ontiveros about the letter. Ontiveros initially denied knowledge of the letter, but then admitted that he had forged an officer's signature. Ontiveros was charged with forging an officer's signature on legal mail in violation of California Code of Regulations, section 3144(b)(1). This charge is reflected in a "Rule Violation Report" dated September 12, 2005.

A hearing regarding this accusation was held on September 26, 2005. Ontiveros was found guilty of forging an officer's signature on legal mail in violation of Title 15, Code of California Regulations, section 3144(b)(1) (2005). [Respondent's Ex. 3.] Ontiveros was assessed 30 days' loss of behavioral credit for this violation.

The parties agree that Ontiveros exhausted his appellate remedies within the prison grievance system. Ontiveros then filed a petition for writ of habeas corpus with the Amador County Superior Court. The superior court denied Ontiveros's request for the appointment of counsel and request for an evidentiary hearing. The superior court denied Ontiveros's petition, concluding that he had received sufficient process in connection with the rules violation hearing and that there was sufficient evidence to support the hearing officer's finding. [Respondent's Ex. 5.]

Ontiveros sought review in the California Court of Appeal. On July 20, 2006, the Third District of the California Court of Appeal denied Ontiveros's petition in a one-line order. [Respondent's Ex. 6.] Ontiveros sought review in the California Supreme Court. On August 16,

2006, the California Supreme Court denied the petition in a one-line order.  [Respondent's Ex. 7.]

Ontiveros filed the present petition for writ of habeas corpus on December 22, 2006. Respondent filed an answer on March 1, 2007.  Ontiveros filed a Traverse on May 16, 2007. On December 9, 2008, the case was reassigned to me.  Respondent admits that Ontiveros has exhausted his state judicial remedies and that the petition is timely.  [Answer at 3:3-5.]

Ontiveros's federal habeas petition, which was filed after April 24, 1996, is governed by Title 28, United States Code section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See Redd v. McGrath*, 343 F.3d 1077, 1080 n.4 (9th Cir. 2003) (provisions of AEDPA apply when a state prisoner challenges the constitutionality of a state administrative decision, such as a denial of parole).  This petition is accordingly governed by AEDPA.  Section 2254(a) sets forth the standard of review:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (2006).

To obtain federal habeas relief, Ontiveros must satisfy either section 2254(d)(1) or section 2254(d)(2).  *See Williams v. Taylor*, 529 U.S. 362, 403 (2000).  As amended, 28 U.S.C. § 2254(d) reads:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2006).

The Supreme Court interprets section 2254(d)(1) as follows: "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 412-13; *see also Lockyer v. Andrade*, 538 U.S. 63, 73-74 (2003).

Where there is no reasoned decision from the state's highest court, the court "looks through" to the last reasoned state court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003). If the dispositive state court order does not "furnish a basis for its reasoning," a federal habeas court must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *Delgado v. Lewis,* 223 F.3d 976, 981 (9th Cir. 2000); *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). Adjudications by state intermediate appellate courts and trial courts are entitled to the same AEDPA deference given to the state supreme court. *Medley v. Runnels*, 506 F.3d 857, 863 (9th Cir. 2007) (en banc). Here, the last reasoned decision of the California courts was the denial of Ontiveros's habeas claim by the Amador County Superior Court on April 7, 2006. [Respondent's Ex. 5.]

**II.**

Ontiveros raises the following claims: (1) the state court improperly denied his request for an evidentiary hearing; (2) California Penal Code section 470 does not apply to his conduct; (3) California Penal Code section 660 does not apply to his conduct; and (4) his act, signing an officer's name on an envelope, is not sufficient to constitute forgery. [Petition at 4-5.]

I turn first to Ontiveros's ground for relief: that the state court erred by failing to conduct an evidentiary hearing regarding his habeas petition. This claim is not cognizable because

"federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings." *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998), citing *Carriger v. Stewart*, 95 F.3d 755, 763 (9th Cir. 1996), vacated on other grounds, 132 F.3d 463 (1997); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989).

I am mindful that Ontiveros is proceeding pro se and "[a] document filed *pro se* is 'to be liberally construed,' and a '*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008), citing *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (quotations omitted). This rule of liberal construction applies to Ontiveros's habeas petition. *See Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002); *Belgarde v. Montana*, 123 F.3d 1210, 1213 (9th Cir. 1997).

In explaining the facts supporting the first ground for relief, Ontiveros states that he was "charged with a rule infraction outside of normal hearing procedures" and refers to his state habeas petition "for facts of case." I construe this as a claim that the hearing regarding the rule violation did not afford him sufficient process.

This claim was presented to, and rejected by, the Amador County Superior Court: "Petitioner received proper notice of the charges, he was present at the hearing and presented a witness in his defense, and the Hearing Officer prepared a written statement outlining the reasons for the disciplinary action. Therefore, Petitioner received all of the procedural due process to which he was entitled." [Respondent's Ex. 5.]

This was not a violation of 28 U.S.C. section 2254(d)(1)-(2). Only limited due process protections adhere in prison disciplinary proceedings: "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Ontiveros was provided with notice of the allegations more than 24 hours before the disciplinary hearing, a written statement

from the factfinder as to the evidence relied on and the disciplinary action taken, and an opportunity to call witnesses and present documentary evidence. *Id.* at 536-66.

Ontiveros next argues that he cannot be charged with forgery under California Penal Code section 470 because the subject document was a joke and he had no intent to defraud. California Penal Code section 470 states, in part: "(a) Every person who, with the intent to defraud, knowing that he or she has no authority to do so, signs the name of another person or of a fictitious person to any of the items listed in subdivision (d) is guilty of forgery." Ontiveros also argues that California Penal Code section 660 is inapplicable because he did not mail the document – inmate Subia did – and Ontiveros had no intent to mail the document. California Penal Code section 660 states: "In the various cases in which the sending of a letter is made criminal by this Code, the offense is deemed complete from the time when such letter is deposited in any Post Office or any other place, or delivered to any person, with intent that it shall be forwarded."

Both of these claims share a fundamental problem. Ontiveros was found guilty of "an amended specific act of: CCR 3144(b)(1) Forgery of An Officers Signature on Legal Mail." [Petition at 34.] The petition therefore fails to allege a claim for relief on the basis of these statutes, much less a claim cognizable on federal habeas, i.e., a violation of federal constitutional law. *See* 28 U.S.C. § 2254(a).

Even if the California Penal Code sections were applicable, Ontiveros's second and third claims were not presented to the state courts in his habeas petition. Ontiveros was required to provide the state court with the opportunity to rule on the federal aspect of each claim prior to bringing the petition in federal court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A dismissal or stay of these unexhausted claims is not necessary, however, as "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *see also Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). As I have determined that these claims

are not cognizable in federal habeas proceedings because they do not rise to the level of a deprivation of constitutional rights, a stay would be futile. *Acosta-Huerta v. Estelle*, 7 F.3d 139, 142 (9th Cir. 1992). It appears, moreover, that Respondent has waived any claim that Ontiveros failed to exhaust his claims in state court.

Ontiveros's fourth ground for relief asserts that the signing of an officer's name is not sufficient to constitute a "crime" because he had no intent to commit a "scheme" and did not mail the letter. This claim appears to challenge to the sufficiency of the evidence supporting the hearing officer's finding that Ontiveros was guilty of committing a rule volation.

When sufficiency of the evidence is challenged on federal constitutional grounds, the "relevant question" is whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In *Superintendent v. Hill*, the Supreme Court held that revocation of good time must be "supported by some evidence in the record." 472 U.S. 445, 454 (1985), quoting *Wolff*, 418 U.S. at 558. "To determine whether the some evidence standard is met 'does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [hearing officer]." *Sass v. Calif. Bd. of Prison Terms,* 461 F.3d 1123, 1128 (9th Cir. 2006), citing *Hill*, 472 U.S. at 455-56.

Ontiveros's claim that the hearing officer's finding was not supported by substantial evidence was rejected by the Amador County Superior Court. Citing *Hill* and *In re Estrada*, 47 Cal. App. 4th 1688, 1694 (1996), the court stated, "[s]ome evidence, but not necessarily 'substantial' evidence must support a disciplinary finding. . . . In this case, there certainly is 'some evidence' to support the decision rendered." [Respondent's Ex. 5.] Federal courts presume the correctness of a state court's factual determinations unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

7

1   Furthermore "AEDPA establishes a 'highly deferential standard for evaluating state-court
2   rulings, which demands that state-court decisions be given the benefit of the doubt." *Womack v.*
3   *Del Papa*, 497 F.3d 998, 1001 (9th Cir. 2007), quoting *Woodford v. Visciotti*, 537 U.S. 19, 24
4   (2002).
5         I cannot retry the case on the merits, and I cannot substitute Petitioner's characterization
6   of the evidence for that of the hearing officer.  The report of the hearing officer sets forth that
7   Ontiveros was convicted of forging an officer's signature on the basis of (1) the description on
8   the written rules violation report by the reporting officer, Officer Baker, (2) Ontiveros's partial
9   admission of guilt that he had signed the officer's name, (3) the statement of inmate Subia, which
10  led to (4) a preponderance of evidence of guilt.  [Respondent's Ex. 3 (hearing officer report) &
11  Ex. 4 (rule violation report).]  There was more than sufficient evidence in the record presented at
12  the prison disciplinary hearing to support the hearing officer's findings.
13        Ontiveros requests an evidentiary hearing.  Because Ontiveros has failed to "allege facts
14  which, if proven, would entitle him to relief," *Belmontes v. Woodford*, 335 F.3d 1024, 1053-54
15  (9th Cir. 2003), his request for an evidentiary hearing is denied.

19  DATED: October 15, 2009            _/s/ J. Clifford Wallace_____
                                            J. Clifford Wallace
20                                          United States Circuit Judge